WROUGHT IRON RANGE COMPANY v. D. W. DEVAULT, et al.

Eastern Section.  December 18, 1927.

Petition for Certiorari denied by Supreme Court, April 29, 1927.

1. **Corporations.  Where a corporation maintains an office in the county, provisions of Shannon's Code, section 4543, to 4546 need not be complied with.**

    The provisions of Shannon's Code, sections 4543 to 4546, refer to those cases where the corporation does not have or maintain an office in the county.

2. **Corporations.  Evidence.  Evidence held to show corporation maintained an office in the county so that service could be had.**

    Where the evidence showed that defendant, a foreign corporation, had a corps of salesmen in the county who were taking orders and had an Assistant Division Superintendent in the county who received the salesmen's orders and ordered the goods in the name of the corporation, afterwards de-

6 T. A.—33.

livering them to the individual customers, held that the corporation was maintaining a place of business in the county so that service could be had upon it without complying with the provisions of sections 4543 to 4546 of the Code.

Appeal from Chancery Court, Hamblen County; Hon. T. L. Stewart, Chancellor.

Affirmed and remanded.

.T. M. Peebles, of Nashville, for appellant.

John R. King, of Morristown, for appellee.

SNODGRASS, J.   This bill is by a foreign corporation, to replevy an automobile from the officer, Richardson, belonging to the company, which said officer had levied upon under the authority of an execution issuing upon a judgment which the defendant DeVault had obtained against the complainant before a Justice of the Peace of Hamblen county in the sum of $343.10.   The claim of the bill was that the judgment was void, and that the execution issuing thereon was likewise void, because it was said that no process had been served upon the corporation, either actual or in any way provided by the statute, and upon the alleged fact that even if process had been served originally on an agent sufficiently representative under the statute, that the plaintiff had not pursued the statute so as to perfect jurisdiction to render the judgment, and that, therefore, it was void and the execution unauthorized.   It was insisted (1) that there was never mailed to complainant a certified copy of the warrant by registered letter; (2) that there was no entry made upon the docket of E. T. Bettis, the Justice of the Peace; and (3) no certificate was filed with the papers.   In addition it was claimed that the statute provided that no judgment should be taken in the case until after thirty days had elapsed from the mailing of a certified copy to the home office of the defendant, which it was insisted was not done.   It was also claimed that the provisions of the statute under which jurisdiction was claimed as justifying the judgment did not apply to Justice of the Peace; that it was only clerks of courts of record that was to do the filing, etc., etc.   It was prayed that on the hearing the judgment and execution be declared void; that a writ of replevin issue and be served upon the deputy sheriff, D. F. Richardson; that the automobile be taken out of his hands and the possession thereof turned over to complainant, asking that it be decreed the lawful owner thereof and that the automobile was not subject to levy under such execution; and the complainant prayed for general relief.

A fiat was obtained for the writ of replevin, which was directed to be issued upon the execution by complainant of a replevin bond in the sum of $700, conditioned as required by law.   Bond was executed and presumably the property turned over to the complainant, but no formal writ appears.

The deputy sheriff answered that he knew nothing about the controversies between complainant and the defendant DeVault; that he was a deputy sheriff of Hamblen county, and was at the time of the proceedings before the Justice of the Peace, and served the warrant upon J. M. Phillips as Assistant General Division Superintendent of complainant; that later, and after the judgment in question had been rendered in said cause, an execution on said judgment had been placed in his hands against complainant, which execution was levied by him on the automobile this defendant had authorized for sale under said levy at the time the bill in this cause was filed and said automobile taken out of his hands; that this defendant had no interest in the cause further than to perform his official duty as sheriff, etc.

The answer of the defendant DeVault admitted that he had obtained the judgment complained of before E. T. Bettis, Justice of the Peace, as alleged in complainant's bill, maintained the validity of the judgment and the proceedings, and insisted that while it may be true as alleged in the bill that in writing the continuance of the case from April 25, 1924 to May 2, 1924 the Justice of the Peace inadvertently wrote May 2, 1923; that if so this was only a clerical error, harmless and immaterial, and that it was corrected by the Justice of the Peace on his own motion when counsel for complainant called his attention to it. The answer after enumerating numerous instances of employment in Tennessee of the defendant by the complainant through its agency and work performed thereunder in the same line which antedated the last employment, averred that in October of 1922 respondent met complainant's general superintendent in Knoxville, Tenn., by appointment, where he was by complainant employed to return to work for complainant as travelling collector, and worked in that capacity until about December, when he was sent to Mountain City, Tenn. to work with a crew of salesmen under Assistant Division Superintendent Entrekin, and worked under him until about March, 1923, at which time he was transferred back to the sales crew working under Assistant Division Superintendent Gibson, and worked under him until about May of same year. It was further averred that the account sued on before the Justice of the Peace was for money due this defendant from complainant for services rendered, and for money advanced for travelling and other expenses, a statement of which had repeatedly been furnished to complainant through its general superintendent and payment demanded, which had been refused.

Accompanying the warrant, which with the return thereon was set out in the original bill, was a statement of the account, setting out the items as follows: ·

"To commission on the sale of 137 wrought iron ranges, sold partly in Tennessee, and partly in other states more than two years prior to March 1, 1924, and due on March 1, 1924,

　　　　　　　　　　　　　　　　　　　　　　　　$274.00

To railroad fare, Atlanta, Ga., to Knoxville, Tenn., on
November 12th, 1921,                                             6.78
To lodging in Knoxville,                                       2.00
To railroad fare, Knoxville to Morristown,            1.52
To railroad fare, Paintsville, Ky., to Lebanon, Ky., July
—, 1922,                                              13.65
To commission on cash sales made near Pineville, Ky.,
which debtor refused to deliver according to contract,   15.00
To commission on good sales which debtor rejected,    28.00

$343.10''

The return on the warrant as to service was as follows:

"Came to hand same day issued, and executed by reading the within warrant to one of the general officers of the defendant, company, to be found in my county J. M. Phillips, Assistant Superintendent for the Wrought Iron Range Company, and citing him to appear before E. T. Bettis, Esq., for trial the 25th day of April, 1924, at one o'clock p. m. D. F. Richardson, D. S."

The warrant also contained the following endorsements:

"This cause continued on application of defendant with plaintiff consent until May 2nd, 1 p. m. 1923. E. T. Bettis."

"D. W. DeVault v. Wrought Iron Range Co. In this cause I render judgment for plaintiff and against the defendant for $343.10, and all the costs of suit, for which execution may issue. This 2nd day of May, 1924, E. T. Bettis, Justice of the Peace."

The remaining history of the case up to the filing of the bill, etc., has been stated.

The answer further averred that at the time the suit was taken before the Justice of the Peace, complainant was doing business in the State of Tennessee; that it had a crew of salesmen in Hamblen county working under an assistant division superintendent by the name of J. M. Phillips; that this crew of salesmen went about over the county in Hamblen and adjoining counties selling ranges to the farmers, either for cash or on time, to suit the farmer; that said Phillips directed the movements of the men under him, hired them and discharged them as he pleased, and performed generally the work of complainant; that he held the title of Assistant General Division Superintendent of complainant company, and was held out to the public by complainant as the assistant general division superintendent with all the powers such title would imply; that he was not a mere salesman; and it was averred that he was a proper person upon whom process could be legally served directed against complainant, and as such the warrant issued by the Justice of the Peace above was served. It was further averred that said war-

rant was served on Phillips, Assistant Division Superintendent on Saturday evening, April 19, 1924 and the warrant returned for trial on April 25, 1924, and it was charged respondent was immediately advised after said warrant was served on said Phillips that he communicated either by telegraph or telephone with the general superintendent of complainant, advising him of said suit; whereupon it was averred that said general superintendent asked said Phillips to see defendant and obtain his consent to a continuance of said cause for one week longer time on account of said general superintendent being unable to come to Morristown and attend trial on April 25th; that at any rate said Phillips did come to defendant on April 21, 1924, and stated that the general superintendent of complainant, Mr. Reynolds, had asked him to get the case continued for one week longer time, and asked defendant to consent to it, to which defendant agreed, and the case was at the proper time continued by the Justice of the Peace to May 2, 1924. Defendant averred that said Phillips had power as one of the assistant general superintendents of complainant to waive the provisions of the statute which provided that no judgment shall be rendered until after thirty days from the date of service of the process, and which provides that the clerk of the court shall mail a copy of the process to the home office of the corporation sued and note same on his docket; but that whether he had such power or not the general superintendent did have such power, and it was averred that said provisions of the statute, being for the benefit of the corporation sued, were waived by the complainant through continuance for a definite period of one week, a less period than thirty days. It was denied that the Justice of the Peace had no jurisdiction of the cause because his court was not a court of record. It was averred that the Justice of the Peace had full jurisdiction to hear and adjudicate the cause. It was averred that whether complainant had or had not complied with the laws of Tennessee with respect to registry of charter, which was neither admitted nor denied that complainant was doing business in Tennessee and was entitled to be sued in this state upon any transaction had in whole or in part within this State, or upon any cause of action arising within this State; and it was averred that the account sued on before said Justice of the Peace was for services rendered to complainant under employment contract made in this State, and services rendered were services in part in this State, and the money expended by him for complainant was in part spent in this State. It was admitted that complainant is a corporation organized under the laws of the State of Missouri, and that its home office is in St. Louis.

Proof was taken and the cause heard before the Chancellor, who, embodying some of his findings therein, decreed as follows:

"This cause came on to be finally heard on the 19th day of March, 1926, and held under advisement till March 30th, but by consent of both parties the decree was withheld from the record till April 29th, and same shall become effective from this date, same being an adjourned day of the regular March term of this court, before the Honorable T. L. Stewart, Chancellor, holding the chancery court at Morristown, Tennessee, on the entire record in the cause including the original bill and exhibits thereto, the answer of defendants and proof.

"Upon consideration of all of which the court finds and decrees as follows:

"This is a replevin suit brought by complainant, a non-resident corporation, against defendant, D. W. DeVault and also against D. F. Richardson, a deputy sheriff in Hamblen county, to replevy one certain automobile being a Ford roadster, 1924 Model, Motor No. 8295195, License No. 63643, which it is alleged had been wrongfully levied upon by said Richardson, deputy sheriff under an execution issued by E. T. Bettis, Justice of the Peace in Hamblen county, upon a judgment rendered by said Justice of the Peace on May 2, 1924, in favor of defendant DeVault and against complainant for the sum of $343.10 and costs of said suit, it being alleged that the judgment upon which said execution issued was void for lack of sufficient service of process.

"The court finds the issues in favor of defendant and against complainant and it is therefore ordered and decreed that complainant forthwith restore to the sheriff of Hamblen county said automobile for sale under said levy to satisfy said judgment, which the sheriff will proceed to sell after advertising same for sale as required by law.

"Complainant and R. M. Hickey, surety on complainant's cost bond will pay all the costs of the cause for which execution is awarded. In the event complainant fails to restore said automobile to the sheriff forthwith as above decreed, the Clerk and Master will hear proof and report to the next term of this court.

"(1) The value of said automobile at the date it was re-plevied from the officer in this cause.

"(2) The amount of damages DeVault has sustained, if any, other than interest upon his debt, incident to said automobile being taken under said writ of replevin, from said officer and for this purpose this cause is hereby referred to said Clerk and Master of this court."

The court in its decree made disposition of certain exceptions to the evidence, which it is not necessary to notice, there being no error assigned thereon.

Complainant excepted to the decree, prayed for, obtained and perfected an appeal therefrom to this court, and has made a dozen assignments of error thereto, as follows:

"(1)   The court erred in dismissing the bill and taxing complainant with the costs.

"(2)   The court erred in finding that J. M. Phillips was an agent of the complainant upon whom service of process could be had.

"(3)   The court erred in finding that complainant was engaged in doing business in Tennessee.

"(4)   The court erred in finding that J. M. Phillips consented to a continuance of the case before the Justice of the Peace with the consent, and at the direction of complainant's general superintendent, Reynolds, or any other of complainant's officials.

"(5)   The court erred in finding that complainant had notice of the suit from Phillips, and that it applied for, or agreed to a constinuance thereof.

"(6)   The court erred in ordering the automobile restored to the defendant, Richardson, for sale, or upon failure thereof, a reference to the Clerk and Master to ascertain and report the value of the automobile, damages, etc.

"(7)   The court erred in failing to hold that if Phillips was such an agent of complainant upon whom service could be had that then it was necessary for the clerk, or the Justice of the Peace: (a) to immediately mail complainant a certified copy of the warrant issued by registered letter; (b) to make an entry upon the docket thereof, and (c) to file a certificate thereof with the papers.

"(8)   The court erred in failing to hold the judgment void for the reason that said judgment was rendered within less than thirty days after the issuance of the warrant.

"(9)   The court erred in failing to hold the judgment absolutely void for the reason that there had been no valid service of process upon the complainant.

"(10)   The court erred in failing to hold the execution void.

"(11)   The court erred in failing to hold the levy void.

"(12)   The court erred in failing to sustain complainant's bill, and in failing to tax defendant with the costs."

We think the whole case made by these assignments can be disposed of in the consideration of the twelfth and last as included therein.  While we disagree with the Chancellor's opinion in some re-

spects, we are in accord with the results effected by the decree. If the case depends upon the procedure as provided for in Shannon's Code, sections 4543 to 4546, both inclusive, we should hold that by the service of process upon the agent, Phillips, a limited jurisdiction was conferred, though not completed so as to authorize a judgment until those sections were fully complied with by the observance (which in this case was lacking) of the requirement that the clerk "immediately mail a copy of the process to the home office of the corporation by registered letter," and that he would "file with the papers in the cause a certificate of the fact of such mailing and make a minute thereof upon the docket, and no judgment shall be taken in the cause until thirty days after the date of such mailing."

These were successive jurisdictional prerequisites, and we do not think they were dispensed with by any sufficient entry of appearance as authorized by Reynolds, the general agent. Of course a general agent such as Reynolds might have so entered the appearance of the corporation by authorizing the local special agent to apply for a continuance, but the proof does not show that this was done, but rather that the continuance had was upon the initiative of Phillips himself, and not as upon authority of Mr. Reynolds, the superintendent. And if sustaining the judgment depended upon such procedure alone, we think it would have to be set aside and the execution quashed, leaving the plaintiff therein to pursue the additional prerequisites to complete the jurisdiction, or remand this cause for such amendment to the original bill as would put the pleadings in shape to enable this court to do full justice in this cause, as it does appear that complainant is indebted to the plaintiff in the judgment, Mr. DeVault. But we do not think this is necessary. While this cause presents the features under which jurisdiction might have been obtained under the sections referred to, it also possesses one or more that bring it within the provisions of section 4542 of Shannon's compilation, wherein these follow-up provisions were not required.

We think Phillips was a local agent of the company at the time, maintaining an office in the county. It is true that the office was neither conspicuous or ostentatious, and that it may not have been intended for any permanent occupancy, but to all intents and purposes it was an office in which an agency was executed, which alone is sufficient. This corporation was manufacturing and selling ranges, and it seems their territory, was nation wide. Its sales force would move into a county, as it did in Hamblen county, accompanied by its assistant division superintendent, with horse and motor vehicles, engage quarters as they did in this instance and, having brought his desk along, the division superintendent would set it up in his room at the hotel, and there was served the purpose of headquarters for doing business. These sales agents, five or six in number, would be sent out over the county to take orders for ranges, which they did,

taking the note of the farmer or other person to whom a sale was made and, pinning it to his order for a range, it was thus prepared for transmission and acceptance to the home office in St. Louis. But instead of sending it to the home office in St. Louis it was delivered to this assistant general superintendent at his office at the hotel, and was not sent to the home office for acceptance and shipment to the customers of a particular range, which would have been delivered to him by its lading upon the cars, but all these orders were retained by this local agent until a sufficient number had been accumulated, when through him, and in Tennessee, the company determined the value of the notes and the desirability of the order, accepted and delivered the same in Hamblen county, without the order ever having been sent out of the county or received in their home office. This agent himself would direct the shipment of a carload of ranges; they would come billed to the company in his care; he would then notify the customers to come and receive them; and when the farmer received his range, it was then and for the first time the sale of any particular range was effected. If ranges were not taken, or if the carload contained any excess of ranges over orders in his hands, a place was arranged for their bestowal and they were kept until they could be delivered upon other orders taken in a similar way, or moved to the next county when the territory was sufficiently exhausted of customers. The agent would open a bank account, on which he would check for expenses. He would employ and dismiss salesmen at will. If a customer desired to pay cash, he would receive the cash, which might become a part of the deposit in the bank subject to his order for expenses.

We think an office or agency was thus defined answering every requirement of section 4542, which does not require the follow-up activities necessitated by the absence of any such office or agency maintained in a county. Neither is it essential under the statute that such office or agency (in this case there were both) be established with the view of maintaining the same permanently. It is sufficient if at the time of service it has such office or agency in the county.

All assignments of error are therefore overruled, the decree of the Chancellor affirmed and the cause remanded to carry out the reference provided for in the decree. The costs of the cause in this court is adjudged against complainant and its securities. The costs in the court below will remain as adjudged and to be adjudged by the Chancellor.

Portrum and Thompson, JJ., concur.